In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-518 CR


____________________



DANIEL RUFUS HOLCOMBE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 04-03-01585-CR






 MEMORANDUM OPINION 


 Daniel Rufus Holcombe entered a non-negotiated guilty plea to indecency with a child
(sexual contact), a second-degree felony offense. See Tex. Pen. Code Ann. § 21.11(a)(1)
(Vernon 2003). A jury assessed his punishment at fifteen years in prison. 

 Holcombe's appellate counsel filed an Anders (1) brief. Counsel's brief meets the
Anders requirements by presenting a professional evaluation of the record to demonstrate
why there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). Counsel provided Holcombe with a copy of the brief. Holcombe then
filed a pro se brief. Finding no arguable error, we affirm.

 Holcombe raises five appellate issues. First, he asserts his guilty plea was involuntary.
Second, he maintains his confession was coerced. Third, he contends that his trial counsel
provided ineffective assistance of counsel. Fourth, he maintains that the prosecution failed
to disclose evidence favorable to his defense, but he does not explain what the evidence
would show. Finally, he complains that his appellate counsel provided ineffective assistance. 
 Several legal principles guide our review. First, the Court of Criminal Appeals directs
that we not address the merits of issues raised in Anders briefs or pro se responses. Bledsoe
v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App . 2005). Instead, an appellate court may
determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that
it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for
appeal exist and remand the cause to the trial court so that new counsel may be appointed to
brief the issues." Id. Second, we may not consider factual assertions that are not part of the
appellate record. Jack v. State, 149 S.W.3d 119, 121 n.1 (Tex. Crim. App. 2004) (citing
Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996)). Third, as to claims of
counsel's ineffective assistance, an appellant must show a reasonable probability that, but for
his counsel's alleged errors, the outcome of his case would have been different. See Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Further, allegations "of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness[.]" Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)
(citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The record on
direct appeal is usually insufficient to demonstrate "counsel's representation was so deficient
. . . as to overcome the presumption that counsel's conduct was reasonable and professional." 
Bone, 77 S.W.3d at 833 (citation omitted). (2)
 

 We have independently examined the clerk's record, the reporter's record, counsel's
brief, and appellant's pro se brief. We find no reversible error in the record. We agree with
appellate counsel that the appeal is wholly frivolous and without merit. Appointment of new
counsel is not required. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). Holcombe is free to file a petition for discretionary review raising error by this Court
in the instant appeal. See Bledsoe, 178 S.W.3d at 827. We affirm the trial court's judgment.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on March 13, 2007

Opinion Delivered May 9, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
.
2. Recourse in appropriate cases for claims of ineffective assistance of counsel is
generally available through a writ of habeas corpus. See Thompson v. State, 9 S.W.3d
808, 814-15 (Tex. Crim. App. 1999).